UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

CENTRAL DIVISION
CIVIL ACTION NO.

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF NEWPORT SAND AND GRAVEL, INC., Plaintiff, vs. LINCOLN D. REALTY CORPORATION AND HARLEYSVILLE WORCESTER INSURANCE COMPANY, SURETY Defendants | COMPLAINT  04-40061 |

## I. NATURE OF THIS ACTION

1. This action is brought pursuant to the Miller Act, 40 U.S.C. §§270a *et seq.* The Plaintiff, Newport Sand & Gravel, brings this action against the Defendants, Lincoln D. Realty Corporation and Harleysville Worcester Insurance Company, for damages caused by the Defendants' failure to pay for materials provided by the Plaintiff which were used in the construction of a building leased to the United States Postal Service in Clinton, Massachusetts.

## II. JURISDICTION

2. Jurisdiction in the United States District Court for the District of Massachusetts is appropriate under the express provisions of the Miller Act, 40 U.S.C. §§270a *et seq.*

1

## III. THE PARTIES

3. The Plaintiff is a corporation duly organized under the laws of the State of New Hampshire, with a usual place of business in Newport, County of Sullivan, State of New Hampshire.

4. The Defendant Lincoln D. Realty Corporation is a Domestic Profit Corporation duly organized under the laws of the Commonwealth of Massachusetts having a usual place of business in Clinton, County of Worcester, Commonwealth of Massachusetts.

5. The Defendant, Harleysville Worcester Insurance Company, is a corporation duly organized under the laws of the Commonwealth of Massachusetts having a usual place of business in Worcester, County of Worcester, Commonwealth of Massachusetts.

## IV. THE FACTS

6. Lincoln D. Realty Corporation (the "Prime Contractor") entered into a contract with the United States Postal Service for the construction of the United States Post Office in Clinton, Massachusetts.

7. The Prime Contractor filed a payment bond executed by Defendant, Harleysville Worcester Insurance Company, in the penal sum of $10,189,00.00. A copy of the Payment Bond is attached hereto as Exhibit "A".

8. The Prime Contractor contracted with Aztec Construction Co., Inc. to provide both labor and materials in the construction of the Post Office.

9. The Plaintiff, Newport Sand & Gravel, Inc. ("Newport") entered into a contract with Aztec Construction to supply materials which were utilized to construct a retaining wall at the site of the Post Office. A copy of the Contract is attached hereto as Exhibit "B". The contract

provided that Aztec Construction would pay the account in full by 30 days from the date of invoice, pay service charges for late payment computed at an APR of 18% and agreed to pay all reasonable charges should the account be placed for collection including attorney's fees.

10. Aztec Construction has failed to pay Newport the contract price of the materials.

11. The Plaintiff supplied both material, ("Redi_Rock" Wall System), and labor in the form of computer simulated crash testing to ensure that the retaining wall met the design specifications for a proper barrier system. On May 1, 2003, the plaintiff informed Aztec Construction that testing (performed at the request of Aztec Construction), had been completed confirming that the wall as constructed met the required testing specifications and that no additional materials or testing would be required. Demand was made upon the Aztec Construction for payment. A copy of the Demand is attached hereto as Exhibit "C". Aztec Construction has not paid for the materials supplied in the amount of $8224.40 plus finance charges to date in the amount of $4176.55. Copies of the Invoices sent to Aztec are attached hereto as Exhibit "D".

12. Notice was provided to the Prime Contractor within 90 days of May 1, 2003, by certified mail received on July 14, 2003, that plaintiff was looking to the prime contractor for payment. A copy of the Notice and is attached hereto as Exhibit "E". The Prime contractor has failed to make payment to the plaintiff. The time requirements of the Miller Act have been met.

## V. COUNT ONE - BREACH OF CONTRACT

13. The Plaintiff hereby incorporates by reference paragraphs one (1) through fourteen (14) of this Complaint.

14. The Plaintiff entered into a contract with Aztec Construction.

15. Aztec Construction breached its duty to pay for the materials supplied.

16. Under the terms of the payment bond and provisions of the Miller Act, payment is required of the Surety, Harleysville Worcester Insurance Company.

## VI. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

That the Court adjudge and decree as follows:

1. That the Defendants, Lincoln D. Realty Corporation and Harleysville Worcester Insurance Company, are liable to the Plaintiff under the terms of the subject payment bond and applicable provisions of the Miller Act 40 U.S.C. §§270a *et seq* for payment of said materials and finance charges.

2. That the Defendants, Lincoln D. Realty Corporation and Harleysville Worcester Insurance Company, pay the Plaintiff damages of $12,400.95 plus accruing finance charges.

3. That the Plaintiff recover its attorneys fees and costs of this action.

4. That the Court enter such additional relief as it may find just and proper.

Respectfully submitted,
~~Eastern Casualty Insurance Company~~ Plaintiff
By its Attorney,

Dated: April 28, 2004

Carl F. Schmitt, Esq. (BBO# 564988)
Schmitt Dillon & Smillie
5 Mount Royal Avenue
Marlborough, MA 01752
508-281-5766

4