UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF NEWPORT SAND AND GRAVEL, INC.,<br>　　　Plaintiff<br><br>V.<br><br>LINCOLN D. REALTY CORPORATION AND<br>HARLEYSVILLE WORCESTER INSURANCE COMPANY, SURETY,<br>　　　Defendants | CIVIL ACTION NO. 04-40061 NMG |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR RULE 12(b)(6) MOTION TO DISMISS**

I.　　NATURE AND STATUS OF PROCEEDINGS

This is an action in which the plaintiff, Newport Sand and Gravel, Inc. ("Newport"), is seeking payment under a payment bond issued by the defendants, Lincoln D. Reality Corporation (Lincoln), as principal, and Harleysville Worcester Insurance Company (Harleysville"), as surety, pursuant to 40 U.S.C. §§270a *et seq.* ("Miller Act") in connection with the construction of a United States Post Office in Clinton, Massachusetts (the "Project).

Lincoln and Harleysville now move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure since Newport has failed to state a cause of action under the Miller Act as a result of its failure to provide Lincoln with notice of its bond claim within ninety (90) days of the date on which it last performed labor or furnished materials to the Project, and because it failed to commence suit within one (1) year from the day on which it last performed labor or material to the Project.

{H:\PA\Lit\19413\00001\A0717557.DOC}

## II.   FACTS

Lincoln entered into a contract with the United States Postal Service for construction of the Project. Newport's Complaint ("Compl."), ¶6. In compliance with the Miller Act, Lincoln, as principal, and Harleysville, as surety, posted a payment bond for the Project ("Bond"). Id., ¶7. Lincoln contracted with Aztec Construction Co., Inc. ("Aztec") to provide certain labor and materials to the Project. Id. ¶8. Thereafter, Aztec entered into a subcontract with Newport to provide redi-rock wall blocks to the Project. Id. ¶9. By invoices dated June 15, 2002, June 30, 2002, July 15, 2002 and July 31, 2002 (the "Invoices"), Newport invoiced Aztec for all the materials provided by it to the Project. Id. ¶11, Exh. D. Newport now claims that Aztec only partial paid the Invoices, and an outstanding balance remains due it in the amount of $8,224.40, exclusive of late fees. Id.

By letter dated July 11, 2003, Newport provided notice to Lincoln of its purported claim under the Bond. Id., ¶12. Newport filed this action under the Miller Act on April 28, 2004.

## III.   MOTION TO DISMISS STANDARD

Fed. R. Civ. P. 12(b)(6) provides that a complaint shall be dismissed "for failure to state a claim upon which relief can be granted." The purpose of this rule is to test the legal sufficiency of a complaint. Dismissal is appropriate if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Gorski v. New Hampshire Dept. of Corr., 290 F.3d 466, 473 (1st Cir. 2002). No set of facts consistent with Newport's allegations can support a cause of action.

IV.     ARGUMENT

A.     Newport's Claim Is Time Barred Under The Miller Act.

The Miller Act requires a general contractor performing work on any public building or public work of the United States to furnish a payment bond in the total amount of the contract. 48 U.S.C. §270a(a). The purpose of the Miller Act is to supply security of payment to subcontractors and suppliers of United States public work projects. U.S. for the Use and Benefit of G.E. Supply v. C&G Enterprises, Inc., 212 F.3d 14 (1st Cir. 2000). Subcontractors having furnished labor or materials to a United States public construction project may sue to recover under the payment bond. Id. An actionable claim under the Miller Act requires strict compliance with the notice and limitation provisions contained therein. Here, Newport's Bond claim is barred because it failed to comply with both the ninety-day notice of claim requirement under Section 270b(a) and the one-year statute of limitation requirement under Section 270b(b).

Section 270b(a) of the Miller Act provides that "any person [Newport] having a direct contractual relationship with a subcontractor [Aztec] but no contractual relationship express or implied with the contractor furnishing said payment bond [Lincoln] shall have a right of action upon the said payment bond upon giving written notice to said contractor [Lincoln] within ninety days from the date on which such person [Newport] did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made . . . " 40 U.S.C. §270b. The purpose of the 90-day notice requirement is to establish a time after which the principal contractor can pay its subcontractors without the risk of claims from those who have supplied labor or materials to the subcontractors. U.S. for Use of John D. Ahern Co., Inc. v. J.F. White Contracting, Co., 649 F.2d 29, (1st Cir. 1981). Fulfilling the Miller Act's notice provision is a strict condition precedent to recovery. U.S. for the Use and Benefit of Water Works Supply Corp. v. George Hyman Construction Co., 131 F.3d 28 (1st Cir. 1997).

Section 270b(b) of the Miller Act provides that "every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, . . . but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him." 40 U.S.C. §270a(b); The United States of America for the Use and Benefit of G.E. Supply v. C&G Enterprises, Inc., 212 F.3d 14 (1st Cir. 2000)(action under Miller Act must be commenced within one year of delivering materials).

It is undisputed that Newport invoiced Aztec for all materials shipped to the Project by invoices dated June 15, 2002, June 30, 2002, July 15, 2002 and July 31, 2002. Compl. ¶11, Exh. D. A copy of the invoices are attached hereto as Exhibit A. Consequently, the 90-day notice mandated under Section 270b(a) to be giving to Lincoln should have been provided no later than October 29, 2002, and this action should have been initiated no later than July 30, 2003. Here, Newport admits that it did not provided the 90-day notice letter until July 11, 2003, more than eleven months after last furnishing materials to the Project. Newport then filed this action on April 28, 2004, approximately one year and nine months after last furnishing materials to the Project.

Newport asserts that its May 1, 2003 letter to Aztec stating that "the 5/8ths inch J-Bolt does meet the required test" constitutes furnishing labor thereby bringing the July 11, 2003 letter within the 90-day notice requirement period, and making this action timely under the one year statute of limitation period. Compl. ¶11, Exh C. A copy of the May 1, 2003 letter is attached hereto as Exhibit B. This assertion is simply without merit.

Remedial or corrective work, or inspection of work already completed, does not fall within the meaning of "labor" and will not extend the one-year limitation period under the Miller Act. U.S. for Use and Benefit of T.L. Wallace Const., Inc. v. Fireman's Fund Ins. Co, 790 F.

Supp 680 (S.D. Miss 1992). Mere corrections of defects do not extend the time for providing the statutory notice under the Miller Act. U.S. for Use of Noland Co. v. Andrews, 406 F.2d 790 (4th Cir. 1969). Neither inspection of work already installed, nor correction of defective work, will toll the statutory period for bringing an action under the Miller Act. U.S. for Use and Benefit of T Square Engineering Corp. v. Gregor J. Schaefer Sons, Inc. 272 F.Supp 962 (E.D.N.Y. 1967). "The majority of circuits that have addressed this issue have held that remedial or corrective work or materials, or inspection of work already completed, falls outside the meaning of 'labor' or 'materials' under §270b(b). Hence performing such work or supplying such materials will not toll the Miller Act's one-year statute of limitations." U.S. for the Use and Benefit of Interstate Mechanical Contractors, Inc. v. International Fidelity Insurance Company, 200 F.3d 456, 460 (6th Cir 2000).

Newport's reliance on its May 1, 2003 letter for circumventing the strict notice and limitation period under the Miller Act is simply unsupported by the statute and case law. The May 1, 2003 letter was not furnishing labor or supplying material to the Project as required under the Miller Act. Rather, the May 1, 2003 letter simply verifies that the Redi Rock Wall System supplied by Newport in June and July 2002 met the Project design specifications. This verification letter did not toll the 90-day notice requirement or the one-year statute of limitations under the Miller Act. Newport was required to provide Lincoln with a 90-day notice of claim on or before October 29, 2002. Thereafter, Newport was required to commence a civil action on or before July 30, 2003. Newport failed to timely perform either, thereby barring its claim for relief under the Miller Act.

## V. CONCLUSION

For the reasons stated, the plaintiff's complaint fails to state a cause of action upon which relief can be granted and it should be dismissed under Federal Rules of Civil Procedure 12(b)(6).

LINCOLN D. REALTY CORPORATION
AND HARLEYSVILLE WORCESTER
INSURANCE COMPANY, SURETY

By its attorney,

_____
Robert B. Gibbons, Esq.
BBO #631049
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: June 24, 2004

### CERTIFICATE OF SERVICE

I, Robert B. Gibbons, Esq., hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Carl F. Schmidt, Esq., Scmitt Dillon & Smillie, 5 Mount Royal Avenue, Marlborough, MA 01752.

_____
Robert B. Gibbons, Esq.

Dated: June 24, 2004



D:\Bptrpts\systech7rpts\Linda D\Open Amt.rpt
{AROPEN.DUE_AMT} > 0.00 and
{AROPEN.CUST_NBR} = "011014"

**** This report excludes finance charges outstanding ****

11/4/02    AZTEC CONSTRUCTION CO.

| CUST_NBR | INVOICE# | INV_DATE | JOB#   | JOB_DESC              | CITY    | DUE_AMT   | PAID_AMT | OPEN_AMT  | DATE LAST PD |
|----------|----------|----------|--------|-----------------------|---------|-----------|----------|-----------|--------------|
| 011014   | 69895    | 6/15/02  | 000400 | REDI ROCK WALL BLOCKS | CLINTON | 14,292.60 | 0.00     | 14,292.60 |              |
| 011014   | 70522    | 6/30/02  | 000400 | REDI ROCK WALL BLOCKS | CLINTON | 17,328.15 | 0.00     | 17,328.15 |              |
| 011014   | 71373    | 7/15/02  | 000400 | REDI ROCK WALL BLOCKS | CLINTON | 3,011.40  | 0.00     | 3,011.40  |              |
| 011014   | 72081    | 7/31/02  | 000400 | REDI ROCK WALL BLOCKS | CLINTON | 1,804.95  | 0.00     | 1,804.95  |              |

sub-total:                                                                            36,437.10

Grand Total:                                                                          36,437.10



**Carroll CONCRETE**
Newport Sand & Gravel Co., Inc.
PO Box 1000
Newport, NH 03773
603 863-1000
fax 603 863-3660

# INVOICE

| CUSTOMER NO. | DATE | INVOICE NO. | PAGE |
|---|---|---|---|
| 011014 | 06/30/2002 | 70522 | 1 |

AZTEC CONSTRUCTION CO. INC.
2 POWDERMILL ROAD
MAYNARD, MA 01754

| DATE | TICKET NO | QUANTITY | UNIT | DESCRIPTION | PRICE | PER UNIT | TAX | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | 000400 | AZTEC CONST. | | REDI-ROCK BLOCKS      CLINTON | | | | |
| 06/17 | 002-44806 | 24.00 | EA | RR ROCK FACE FULL BOTTO | 70.000 | EA | 84.00 | 1680.00 |
| 06/17 | 002-44806 | 2.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 7.00 | 140.00 |
| 06/17 | 002-44806 | 24.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | 84.00 | 1680.00 |
| 06/17 | 002-44806 | 1.00 | EA | RR ROCK FACE HALF TOP | 35.000 | EA | 1.75 | 35.00 |
| 06/17 | 002-44806 | 51.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 30.60 | 612.00 |
| 06/18 | 002-44844 | 12.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 42.00 | 840.00 |
| 06/18 | 002-44844 | 12.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | 42.00 | 840.00 |
| 06/18 | 002-44844 | 1.00 | EA | RR ROCK FACE FULL STEP | 70.000 | EA | 3.50 | 70.00 |
| 06/18 | 002-44844 | 1.00 | EA | RR ROCK FACE HALF FREE | 35.000 | EA | 1.75 | 35.00 |
| 06/18 | 002-44844 | 26.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 15.60 | 312.00 |
| 06/20 | 002-44890 | 22.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | 77.00 | 1540.00 |
| 06/20 | 002-44890 | 22.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 13.20 | 264.00 |
| 06/20 | 002-44890 | 30.00 | EA | MISC SALES | 20.000 | EA | 30.00 | 600.00 |
| 06/21 | 002-44917 | -1.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | -3.50 | -70.00 |
| 06/21 | 002-44917 | -2.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | -7.00 | -140.00 |
| 06/24 | 002-44952 | 22.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | 77.00 | 1540.00 |
| 06/24 | 002-44952 | 22.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 13.20 | 264.00 |
| 06/25 | 002-44980 | 12.00 | EA | RR ROCK FACE FULL BOTTO | 70.000 | EA | 42.00 | 840.00 |
| 06/25 | 002-44980 | 22.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | 77.00 | 1540.00 |
| 06/25 | 002-44980 | 34.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 20.40 | 408.00 |
| 06/27 | 002-45010 | 8.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 28.00 | 560.00 |
| 06/27 | 002-45010 | 8.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | 28.00 | 560.00 |
| 06/27 | 002-45010 | 23.00 | EA | RR ROCK FACE FULL TOP | 70.000 | EA | 80.50 | 1610.00 |
| 06/27 | 002-45010 | 39.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 23.40 | 468.00 |
| 06/27 | 002-45028 | 1.00 | EA | RR ROCK FACE FULL CORNE | 70.000 | EA | 3.50 | 70.00 |
| 06/27 | 002-45028 | 12.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 42.00 | 840.00 |
| 06/27 | 002-45028 | 5.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 17.50 | 350.00 |
| 06/27 | 002-45028 | 2.00 | EA | RR ROCK FACE HALF FREE | 35.000 | EA | 3.50 | 70.00 |
| 06/27 | 002-45028 | 20.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 12.00 | 240.00 |
| 06/28 | 002-45039 | -15.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | -52.50 | -1050.00 |
| 06/28 | 002-45039 | -3.00 | EA | RR ROCK FACE FULL TOP | 70.000 | EA | -10.50 | -210.00 |
| 06/28 | 002-45039 | -1.00 | EA | RR ROCK FACE HALF MIDDL | 35.000 | EA | -1.75 | -35.00 |

JOB TAX         825.15
JOB TOTAL     17328.15

FINANCE CHARGE: 1 1/2% per month or 18% per annum after 30 days

**TOTAL DUE**  17328.15

2' FREE STANDING  3341 =
                  167.05



**Carroll CONCRETE**
**Newport Sand & Gravel Co., Inc.**
PO Box 1000
Newport, NH 03773
603 863-1000
fax 603 863-3660

# INVOICE

| CUSTOMER NO. | DATE | INVOICE NO. | PAGE |
|---|---|---|---|
| 011014 | 07/15/2002 | 71373 | 1 |

AZTEC CONSTRUCTION CO. INC.
2 POWDERMILL ROAD
MAYNARD, MA 01754

| DATE | JOB NUMBER - JOB LOCATION - ADDRESS | | | | PRICE | PER UNIT | TAX | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | TICKET NO | QUANTITY | UNIT | DESCRIPTION | | | | |
| 000400 REDI ROCK WALL- BLOCKS       CLINTON | | | | | | | | |
| 07/10 | 002-45184 | -1.00 | EA | RR ROCK FACE FULL BOTTO | 70.000 | EA | -3.50 | -70.00 |
| 07/10 | 002-45184 | 24.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 84.00 | 1680.00 |
| 07/10 | 002-45184 | -1.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | -3.50 | -70.00 |
| 07/10 | 002-45184 | -1.00 | EA | RR ROCK FACE FULL TOP | 70.000 | EA | -3.50 | -70.00 |
| 07/10 | 002-45184 | 24.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 14.40 | 288.00 |
| 07/11 | 002-45198 | 3.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 10.50 | 210.00 |
| 07/11 | 002-45198 | 2.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 7.00 | 140.00 |
| 07/11 | 002-45198 | 5.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 3.00 | 60.00 |
| 07/11 | 002-45198 | 35.00 | EA | MISC SALES | 20.000 | EA | 35.00 | 700.00 |

JOB TAX                    143.40
JOB TOTAL                 3011.40

FINANCE CHARGE: 1 1/2% per month or 18% per annum after 30 days

**TOTAL DUE ▶  3011.40**



**Carroll CONCRETE**

**Newport Sand & Gravel Co., Inc.**
PO Box 1000  603 863-1000
Newport, NH 03773  fax 603 863-3660

# INVOICE

| CUSTOMER NO. | DATE | INVOICE NO. | PAGE |
|---|---|---|---|
| 011014 | 07/31/2002 | 72081 | 1 |

AZTEC CONSTRUCTION CO. INC.
2 POWDERMILL ROAD
MAYNARD, MA 01754

| DATE | TICKET NO | QUANTITY | UNIT | JOB NUMBER - JOB LOCATION - ADDRESS / DESCRIPTION | PRICE | PER UNIT | TAX | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | 000400 | | REDI ROCK WALL- BLOCKS          CLINTON | | | | |
| 07/30 | 002-45578 | 22.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | 77.00 | 1540.00 |
| 07/30 | 002-45578 | -3.00 | EA | RR ROCK FACE FULL FREE | 70.000 | EA | -10.50 | -210.00 |
| 07/30 | 002-45578 | -1.00 | EA | RR ROCK FACE FULL MIDDL | 70.000 | EA | -3.50 | -70.00 |
| 07/30 | 002-45578 | -1.00 | EA | RR ROCK FACE FULL STEP | 70.000 | EA | -3.50 | -70.00 |
| 07/30 | 002-45578 | -1.00 | EA | RR ROCK FACE HALF FREE | 35.000 | EA | -1.75 | -35.00 |
| 07/30 | 002-45578 | 22.00 | EA | REDI ROCK DELIVERY CHAR | 12.000 | EA | 13.20 | 264.00 |
| 07/30 | 002-45578 | 15.00 | EA | MISC SALES | 20.000 | EA | 15.00 | 300.00 |
| | | | | JOB TAX | | | | 85.95 |
| | | | | JOB TOTAL | | | | 1804.95 |

02-61
Div'd 2 Retaining wall

FINANCE CHARGE: 1 1/2% per month or 18% per annum after 30 days

**TOTAL DUE** 1804.95





**Newport Sand & Gravel Co., Inc.**
P.O. Box 1000
Newport, NH 03773

603 863-1000
fax 603 863-3680

Aztec Construction Co., Inc.
2 Powdermill Road
Maynard, MA  01754

May 1, 2003

Dear Chris,

Please find enclosed a copy of the MDG Solutions engineering study which shows that the 5/8ths inch J-Bolt does meet the required test. This is good news for everyone.

Also enclosed is a printout of Aztec's account status with us. We look forward to immediate payment of the full principal balance outstanding and half of the interest charges for a total due of $9,572.45.

As you are aware, while the J-Bolts installed meet the requirement, the height of your wall will have to be increased to meet the specifications required for a proper barrier system.

Should you have any questions with regards to the payment of the balance due please call me as soon as possible. If you have questions with regards to additional needs to increase the height of the barrier, please call John Peterman.

Very truly yours,

Brian P. Towne
Chief Financial Officer

cc:   William Connolly
      Lincoln D. Realty Corporation

BRISTOL, NH • CHARLESTOWN, NH • KEENE, NH • PETERBOROUGH, NH • W. LEBANON, NH • WOODSVILLE, NH
BERLIN, VT • BRADFORD, VT • BRATTLEBORO, VT • COVENTRY, VT • GUILDHALL, VT • HIGHGATE, VT • JOHNSON, VT •
RANDOLPH, VT • ST. JOHNSBURY, VT • SWANTON, VT